UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>L. ROMERO, et al.,<br><br>　　　　　　　　　　Defendant. | Case No.: 18cv330-DMS-MDD<br><br>**ORDER DENYING PLAINTIFF'S THIRD MOTION TO APPOINT COUNSEL**<br><br>**[ECF No. 35]** |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action under 42 U.S.C. § 1983. (ECF No. 1). On April 1, 2019, Plaintiff submitted 25 pages of documents including a handwritten request for counsel, copies of Plaintiff's CDCR Form-22 Requests and Form 602 Complaint. (ECF No. 35). Plaintiff also submitted some documents that relate to his administrative appeal and his Mental Health Treatment Plan. (*Id.*). Approximately 15 of the pages submitted are illegible or in Spanish. (*Id.* at 4-15, 17-18, 22). Plaintiff requests appointment of counsel and appears to allege various errors in his administrative complaint process. (*Id.* at 1-4). The Court construes Plaintiff's submission as a third motion requesting appointed counsel. For the following reasons, Plaintiff's motion is **DENIED**.

Plaintiff previously requested and was denied appointed counsel on January 25, 2019, and March 27, 2019. (ECF Nos. 26, 27, 33). Plaintiff bases his third request for appointment of counsel on the same facts as his first two requests. Specifically, Plaintiff requests appointed counsel because he only speaks Spanish and is unable to "litigate or understand [ ] court rules or terminology." (ECF No. 35 at 2).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Circumstances common to most prisoners, such as lack of legal education, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The Court continues to be sympathetic to Plaintiff's difficulties with the English language and lack of familiarity with the legal system. However, it appears he has some understanding of English and "the court does not have the resources to appoint counsel for every prisoner with limited English language and reading skills who files a civil rights action." *Nguyen v. Bartos*, No. 2:10-cv-1461 WBS KJN P, 2012 WL 3589797, at *2 (E.D. Cal. Aug. 20, 2012). Plaintiff has provided no new evidence or facts different from his prior

requests to demonstrate that he now meets the exceptional circumstances required for the Court to appoint counsel.

Finally, the Court notes that Plaintiff appears to be concerned that Defendants have or will take the deposition of non-party witness Armando Perez. (ECF No. 35 at 3.) As required by the applicable Federal Rules of Civil Procedure, Defendants sought and obtained leave of the Court to take the deposition of Mr. Perez, an incarcerated person. (ECF Nos. 28, 29.) Defendants are permitted to take this deposition under the rules. If Plaintiff would like to identify or contact his own witnesses he may do so to the extent permitted and in the manner allowed by the applicable California Regulations and Federal Rules of Civil Procedure. *See, e.g.*, FED. R. CIV. P 30(a)(2)(B); 15 Cal. Code Regs., tit. 15 § 3139(b).

Plaintiff's Motion for Appointment of Counsel is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 12, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge