UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>                      Plaintiff,<br><br>v.<br><br>L. ROMERO, et al.,<br><br>                      Defendants. | Case No.: 18-CV-330 TWR (MDD)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR TRANSCRIPTS**<br><br>(ECF No. 179) |

Presently before the Court is Plaintiff Rogelio May Ruiz's Motion: Request, Legal Transcripts ("Mot.," ECF No. 179), in which Plaintiff "request[s] complete . . . legal transcripts [from his trial] with a[] copy translated in[to S]panish." (*See id.* at 1.) Because Plaintiff is proceeding pro se and *in forma pauperis*, (*see, e.g.*, ECF No. 11), the Court construes the Motion as a request for transcripts at the government's expense pursuant to 28 U.S.C. § 753(f),[1] which provides that "[f]ees for transcripts furnished . . . to persons permitted to appeal in forma pauperis shall . . . be paid by the United States if the trial judge

---

[1] To the extent that Plaintiff seeks transcripts that are translated into Spanish, however, the Court **DENIES WITH PREJUDICE** Plaintiff's request. *See, e.g.*, *Banuelos v. Weiss*, No. 219CV2370JAMDBP, 2021 WL 2822421, at *1 (E.D. Cal. July 7, 2021) ("Plaintiff is advised that the court cannot provide plaintiff with translated documents." (citing *Ruiz v. Mobert*, No. 1:17-cv-0709 BAM (PC), 2017 WL 6886093, *1 (E.D. Cal. July 5, 2017) (citing *Lewis v. Casey*, 518 U.S. 343, 356 (1996)))); *Torres v. Unknown*, No. CIVS070193MCECMKP, 2007 WL 781798, at *1 (E.D. Cal. Mar. 7, 2007) ("Plaintiff is advised that the court does not provide free translation services in civil cases.").

or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." *See also Tuggles v. City of Antioch*, No. C08-01914JCS, 2010 WL 3955784, at *1 (N.D. Cal. Oct. 8, 2010) ("A request for a transcript at government expense should not be granted unless the appeal presents a 'substantial question.'" (quoting *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir.1984))). "A substantial question exists where the issue before the court of appeals 'is reasonably debatable.'" *Id.* (quoting *Washburn v. Fagan,* No. C03-0869 MJJ, 2007 WL 2043854, at *2 (N.D. Cal. July 12, 2007)).

Here, Plaintiff appeals the Judgment entered in favor of Defendants based on a jury verdict for Defendants. (*See generally* ECF Nos. 172, 177.) Neither Plaintiff's original, (*see* ECF No. 172), nor amended, (*see* ECF No. 177), Notice of Appeal, however, mentions the grounds for Plaintiff's appeal. Accordingly, the Court is unable to determine at this time whether any issue(s) that will be before the Ninth Circuit presents a "substantial question," and consequently the Court necessarily **DENIES WITHOUT PREJUDICE** Plaintiff's Motion. *See, e.g.*, *Hawkins v. Adams*, No. 1:09-CV-0771-LJO-JLT, 2013 WL 4647910, at *1 (E.D. Cal. Aug. 28, 2013) (denying second motion for transcripts at the government's request where the "[p]laintiff omits any explanation for the basis of his appeal[, and, a]s such, the Court to find that Plaintiff's appeal fails to present any substantial question").

**IT IS SO ORDERED.**

Dated: May 4, 2022

_____
Honorable Todd W. Robinson
United States District Judge